IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DELVIN DEMON MOORE | § | |
| | § | |
| v. | § | C.A. NO. C-11-117 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

## ORDER DENYING MOTION TO AMEND

This is a civil rights action filed by a federal inmate pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), who is currently incarcerated at the Federal Correctional Institution in Herlong, California.  Pending is plaintiff's motion to add defendants.  (D.E. 13).  Specifically, he requests to add seventeen defendants to this civil action.

The pending motion is construed as a motion to amend.  The Federal Rules of Civil Procedure establish that a party may amend its pleading by leave of court, and that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As this rule implies, amendment of pleadings is not an unlimited right.  "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (citing <u>Foman v. Davis</u>, 371, U.S. 178, 182 (1962)).

Here, plaintiff failed to include a proposed amended complaint with his pending motion.  Indeed, his motion is simply a listing of seventeen individuals, including numerous John Doe defendants without any specifics regarding the alleged constitutional violation.  The Fifth Circuit

has explained that a trial court may consider a plaintiff's "failure to attach the proposed pleading as a factor in the determination of whether it should grant the motion, but such a failure is not fatal." Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991) (citation omitted).  This failure is more problematic in this action, where an inmate is seeking relief from governmental entities and officials because such actions are required to be screened.  See 28 U.S.C. § 1915A.  Such screening is not feasible without more information that would be expected to be found in any amended complaint.

Accordingly, plaintiff's motion to add defendants, (D.E. 13), is hereby DENIED without prejudice.

ORDERED this 31st day of May 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE