IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DELVIN DEVON MOORE** | § | |
| | § | |
| v. | § | C.A. NO. C-11-117 |
| | § | |
| **UNITED STATES OF AMERICA, ET. AL.** | § | |

## ORDER ADOPTING THE MEMORANDUM AND RECOMMENDATION TO DISMISS THE PETITION

United States Magistrate Judge Brian K. Owsley issued a Memorandum and Recommendation (M&R) on June 14, 2011, recommending that Plaintiff Delvin Devon Moore's ("Moore") claims be dismissed. Dkt. No. 18. Pending before the Court are Moore's objections. Dkt. No. 20, 21. Except as corrected below, the Court adopts the M&R, and dismisses the petition.

### I. FACTUAL BACKGROUND

Moore is a federal prisoner who was convicted of conspiracy to commit a drug trafficking offense. He ultimately pled guilty and was sentenced to 360 months imprisonment. He is currently incarcerated in the Bureau of Prisons in California. The factual background is described in detail in the M&R and will not be repeated.

### II. PROCEDURAL BACKGROUND

Moore filed his complaint in April 2011 against Defendants Patricia Hubert Booth, John Doe, Judge Janis Graham Jack, Aaron T. Rodgers, and the United States. The case was originally assigned to Judge Jack who recused herself. Dkt. No. 6. This matter was reassigned to the undersigned. Id. Moore filed a motion to add 17 defendants to the suit, most of whom were John or Jane Does, but also included Moore's former attorneys and numerous correctional facility employees. Dkt. No. 13. The order was referred to the federal Magistrate Judge who denied the motion without prejudice on

procedural grounds by Order dated May 31, 2011. Dkt. No. 16. On June 14, 2011, the Magistrate Judge issued the M&R. Dkt. No. 18. Moore filed two documents with objections. Dkt. No. 20, 21. One document is handwritten, the other is typed, but they appear to be otherwise the same.

### III. OBJECTIONS

Moore raises eight objections which he numbers: 1) Magistrate Owsley had a conflict of interest and should have recused himself, 2) Judge Owsley denied his motion to amend his civil rights complaint because Judge Owsley would become a witness or defendant in this case in the future, 3) the factual background "leaves out the majority of my substantial Constitutional Rights violation Claims," 4) the conditions of his pretrial detention violated his Thirteenth Amendment right to be free of slavery and his First Amendment rights, 5) the conduct of defendants Patricia Hubert Booth and Judge Jack does not entitle them to absolute immunity, 6) the defendants who are not immune should not be dismissed due to lack of involvement, 7) the recommendation that plaintiff's claims of mistreatment in pre-trial detention are asserted against the wrong defendants is erroneous, and 8) the recommendation that defendant Rodgers is not responsible for the claimed violation of IAD is erroneous because he fabricated material evidence and caused a warrant to be issued which resulted in his extradition from Louisiana. Dkt. No. 21.

**A.    Magistrate Judge Owsley Should Have Recused Himself** (Objections 1 & 2)

For the first time in his objections to the M&R, Moore claims that Magistrate Judge Owsley should have recused himself on the grounds that he had a conflict of interest because he would become a material witness in this case and that Moore's criticism of Judge Owsley in Moore's previously filed § 2255 motion (decided against Moore in 2009 by another judge) cause him to be disqualified. Moore also complains that Judge Owsley's Order denying leave to amend Moore's complaint is based upon

the Judge's concern about being made a party. The M&R addresses whether Moore should be allowed to amend his complaint in general terms, but concludes that such amendment would be futile. Dkt. No. at 25. The denial of Moore's motion was without prejudice and explained that Moore failed to attach the proposed amended complaint to the motion in violation of the Rules of Civil Procedure. Dkt. No. 16 at 1 ("Here, plaintiff failed to include a proposed amended complaint with his pending motion. Indeed, his motion is simply a listing of seventeen individuals, including numerous John Doe defendants without any specifics regarding the alleged constitutional violation."). Moore did not refile his motion after the issuance of that order.

A federal judge or magistrate must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see United States v. Harris, 566 F.3d 422, 434 (5th Cir. 2009). A judge " shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ." 28 U.S.C. § 455(b)(1). Disqualification is also required when the judge or specified relative "(i) Is a party to the proceeding, or an officer, director, or trustee of a party" or "Is to the judge's knowledge likely to be a material witness in the proceeding." Id. at (b)(i), (iv).

Moore has not filed a motion to disqualify or to recuse Judge Owsley. The Fifth Circuit has "inferred a timeliness requirement from § 455, [but has] declined to adopt a per se rule on untimeliness." Hollywood Fantasy Corp. v. Gabor, 151 F.3d 203, 216 (5th Cir. 1998).[1] Nevertheless,

---

1. A separate statute addresses recusal on the grounds of bias or prejudice. That statute prescribes a time limitation on the filing of affidavits supporting a motion to recuse. 28 U.S.C. § 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall

such a motion is generally considered to be too late once the merits of the action have been determined. United States v. Stanford, 157 F.3d 987, 988-89 (5th Cir. 1998); see also Hirczy v. Hamilton, 2006 WL 1816372 at *3 (5th Cir., June 29, 2006)(party "committed the worst type of delay by knowing facts that allegedly might lead to recusal but waiting until after he received an unfavorable ruling to file his motion to recuse"). Even if Moore's objection was construed as a motion to disqualify or recuse, it is untimely.

Moreover, Judge Owsley was not a party to Moore's previous § 2255 motion and is not a party to this suit. A judge is not disqualified merely because a party has sued the judge in the past or threatens to sue the judge. United States v. Walker, 74 F.3d 1236 at *2 (5th Cir. 1995)(designated unpublished); In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993). Judge Owsley is also not a material witness in this proceeding. Because he is neither a party nor a material witness and his only knowledge of this case and the facts is based upon knowledge acquired in the course of his judicial duties, Magistrate Judge Owsley is not disqualified pursuant to 28 U.S.C. § 455. Disqualification or recusal would not have been required, nor would it be proper based upon Moore's allegations. Objections 1 and 2 are OVERRULED.

**B.    The Factual Background Summary is Incomplete** (Objection 3)

Moore contends that the Factual Summary in the M&R is incomplete and alters the facts alleged in his Complaint because it, "leaves out the majority of [Moore's] substantial Constitutional Rights,"

---

be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

and "the defendants direct involvement as government actors as a whole and the abuse of their discretion." Dkt. No. 21 at 2. Moore complains of a specific instance. After reviewing Moore's complaint at Dkt. No. 1 p. 4-5 with the M&R, the Court finds a discrepancy. In the M&R, the statement "that should be least of your worries . . ." is attributed to a female Hispanic agent, rather than to defendant John Doe, a male Hispanic agent. The objection is SUSTAINED.

As part of this objection, Moore argues that prosecutor Booth acted in bad faith and withheld Brady material. These are not objections, but reargue the merits of his complaint.

## C.     Moore's Pretrial Detainment Violated his Thirteenth and First Amendment Rights

Objection Four is to the M&R's recommendation that Moore's Thirteenth Amendment right to be free of slavery be dismissed as frivolous. Moore claims that he was enslaved by the limitation of his telephone privileges and his housing in solitary confinement during his pretrial detainment. "The undoubted aim of the Thirteenth Amendment as implemented by the Antipeonage Act was not merely to end slavery but to maintain a system of completely free and voluntary labor throughout the United States." Pollock v. Williams, 322 U.S. 4, 17 (1944). Moore does not allege that he was forced to work. The limitation of privileges afforded to legally incarcerated prisoners is not the same as slavery prohibited by the Thirteenth Amendment. Moore's objection is OVERRULED.

Moore's objection may also be construed to complain that his pretrial detainment violated his First Amendment rights to free speech or association. The First Amendment rights afforded pretrial detainees are the same as those afforded convicted inmates. Bell v. Wolfish, 441 U.S. 520, 544 (1979). Such rights guaranteed under the constitution are limited when a defendant is incarcerated. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977).

> [T]his Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the

> considerations underlying our penal system." The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration. . . .
> "(A) prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." [citing Pell v. Procunier, 417 U.S. 817, 822 (1974)].
> Perhaps the most obvious of the First Amendment rights that are necessarily curtailed by confinement are those associational rights that the First Amendment protects outside of prison walls. The concept of incarceration itself entails a restriction on the freedom of inmates to associate with those outside of the penal institution.

Id. at 125-26 (internal citations omitted). "This principle applies equally to pretrial detainees and convicted prisoners. A detainee simply does not possess the full range of freedoms of an unincarcerated individual." Bell, 441 U.S. at 544.

In this case, Moore's rights of association and access to telephones were limited by court order after the government made a motion to do so in order to protect witnesses in this case and after the government provided the Court with credible evidence of a threat by Moore against a witness in his federal criminal case, 05-542. Under these circumstances, the limitations on Moore's ability to associate and to communicate with others were reasonably related to proper judicial and penological concerns. Moore's objection is OVERRULED.

D.  **Immunity of Defendants Judge Janis Graham Jack, Patricia Hubert Booth and the United States** (Objection 5)

Moore complains that these defendants should not dismissed on grounds of immunity on the following bases, 1) they abused their authority, 2) the Constitution should not be suspended to fight the war on drugs more effectively, 3) judicial participation in plea negotiations constitutes plain error, and 4) the right to a fair trial is a basic guarantee of due process. Moore's objections are not directly related to the M&R's analysis.

6

Judicial immunity from suit is absolute *except* in the very narrow circumstance in which a judge has no jurisdiction or takes action in a non-judicial capacity. Stump v. Sparkman, 435 U.S. 349, 360-62 (1978); Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991). Judge Jack had jurisdiction over Moore by virtue of the federal indictment issued in his criminal case. Moore's objection is OVERRULED.

Patricia Hubert Booth is the Assistant United States Attorney who handled the prosecution against Moore in his federal criminal case. Prosecutorial immunity, like judicial immunity, is absolute for actions taken by a prosecutor within the scope of her professional duties. Imbler v. Pachtman, 424 U.S. 409, 420, 427 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under s 1983 that the prosecutor enjoys at common law."). None of Moore's allegations assert that Assistant United States Attorney Booth took action that was outside the scope of her duty to prosecute him under the federal indictment. Moore's objections are OVERRULED. Similarly, Moore's objections to the M&R regarding sovereign immunity are OVERRULED.

**E.     Dismissal of remaining Defendants** (Objections 6, 7 & 8)

The M&R recommends dismissal of defendants Doe and Rodgers on the grounds that they had no personal involvement in Moore's claims of abuse by correctional officials. Defendant Doe in Moore's initial complaint is described as an officer who stopped Moore and his companions after they passed the Sarita Checkpoint. Dkt. No. 1 at 3. There is no allegation that this same defendant was involved in Moore's housing at any correctional facility. Plaintiff Moore's sixth objection is OVERRULED.

Additionally, Moore's seventh objection to the M&R recommendation that his complaints about the conditions under which he was held before trial were filed against the wrong defendants is also OVERRULED. Moore does not allege that defendant ICE agent Rodgers was involved in his allegedly

7

inhumane treatment in state correctional facilities.

Finally, Moore's claim that Defendant Rodgers fabricated evidence against him which resulted in the issuance of a Louisiana arrest warrant and his eventual transportation to Texas on the federal indictment does not state a claim for violation of the IAD. Louisiana is not a signatory to the IAD, the IAD does not apply to pretrial detainees, and neither Defendant Doe or Defendant Rodgers were even alleged to be involved in the decision to transport Moore to Texas. Dkt. No. 1-2 at 23. [2] Moore's objection number 8 is OVERRULED.

## CONCLUSION

Reviewing de novo the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, and defendant's objections, the Court **ADOPTS** the Magistrate Judge's recommended decision except as corrected herein. Accordingly, the Court **DISMISSES** the complaint with prejudice as recommended.

It is so **ORDERED.**

**SIGNED** on this 12th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

2. Moore's complaint states, "The Corpus Christi form of Government also violated my Interstate Agreement on Detainer Rights at the State level and Federal level . . . ." Id.